IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SHANNON IVY                                                      PLAINTIFF

V.                                    NO. 13-5238

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration        DEFENDANT

### MEMORANDUM OPINION

Plaintiff, Shannon Ivy, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial

review of a decision of the Commissioner of the Social Security Administration (Commissioner)

denying his claims for a period of disability and disability insurance benefits (DIB) and

supplemental security income (SSI) under the provisions of Titles II and XVI of the Social

Security Act (Act). In this judicial review, the Court must determine whether there is substantial

evidence in the administrative record to support the Commissioner's decision.  See 42 U.S.C.

§ 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed his applications for DIB and SSI on January 14, 2011, alleging

an inability to work since July 1, 2008, due to Borreliosis, uncontrolled muscle twitching,

chronic fatigue, uncontrollable bladder, sleep apnea, being overly sensitive to sun, mood swings,

depression, memory loss, lupus, and Lyme disease. (Tr. 102-103, 106-112, 127-128, 163). An

administrative hearing was held on May 17, 2012, at which Plaintiff appeared with counsel and

testified. (Tr. 24-42).

By written decision dated August 8, 2012, the ALJ found that during the relevant time

-1-

AO72A
(Rev. 8/82)

period, Plaintiff had an impairment or combination of impairments that were severe - infection

and parasitic tick-born illness (Lyme disease) and obesity. (Tr. 14). However, after reviewing

all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or

equal the level of severity of any impairment listed in the Listing of Impairments found in

Appendix I, Subpart P, Regulation No. 4. (Tr. 16). The ALJ found Plaintiff retained the residual

functional capacity (RFC) to:

> perform sedentary to light exertional level work as defined in 20 CFR
> 404.1567(a) and 416.967(a) except as follows: The claimant can
> frequently lift and/or carry less than ten pounds, and occasionally twenty
> pounds, sit for a total of about one and one half to two hours at any one
> time for a total of about six hours in an eight hour work day, stand for a
> total of about forty minutes at any one time, and walk for a total of about
> twenty minutes at any one time.

(Tr. 16). The ALJ determined that Plaintiff was unable to perform any past relevant work, and

that pursuant to Medical-Vocational Rule 201.27, Plaintiff was not disabled. (Tr. 19).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which

considered additional evidence and denied that request on September 23, 2013. (Tr. 1-5).

Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant

to the consent of the parties. (Doc. 7).  Both parties have filed appeal briefs, and the case is now

ready for decision. (Docs. 12, 14).

The Court has reviewed the entire transcript. The complete set of facts and arguments

are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by

substantial evidence on the record as a whole. <u>Ramirez v. Barnhart</u>, 292 F. 3d 576, 583 (8th Cir.

AO72A
(Rev. 8/82)

2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind

would find it adequate to support the Commissioner's decision.  The ALJ's decision must be

affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F.

3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports

the Commissioner's decision, the Court may not reverse it simply because substantial evidence

exists in the record that would have supported a contrary outcome, or because the Court would

have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In

other words, if after reviewing the record, it is possible to draw two inconsistent positions from

the evidence and one of those positions represents the findings of the ALJ, the decision of the

ALJ must be affirmed.  Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden

of proving his disability by establishing a physical or mental disability that has lasted at least one

year and that prevents him from engaging in any substantial gainful activity.  Pearsall v.

Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A),

1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results

from anatomical, physiological, or psychological abnormalities which are demonstrable by

medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§423(d)(3),

1382(3)(D).  A Plaintiff must show that his disability, not simply his impairment, has lasted for

at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation

process to each claim for disability benefits: (1) whether the claimant had engaged in substantial

gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or

AO72A
(Rev. 8/82)

mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience.  See 20 C.F.R. §416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his RFC.  See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

### III.    Discussion:

In this case, the ALJ utilized the Grids in determining Plaintiff was not disabled.  In reviewing the RFC assessment given by the ALJ, the Court notes that he found that Plaintiff would be able to sit for a total of about one and one half to two hours at any one time for a total of about six hours in an eight hour work day, stand for a total of about forty minutes at any one time, and walk for a total of about twenty minutes at any one time.  (Tr. 16).  This RFC does not involve an 8 hour workday. In addition, SSR96-9P provides that "[f]or individuals able to stand and walk in between the slightly less than 2 hours and only a few minutes, it may be appropriate to consult a vocational resource." SSR96-9P, 1996 WL 374185 at *6.

The Court is of the opinion that there is not substantial evidence to support the ALJ's decision in this case, and that this matter should be remanded in order for the ALJ to re-evaluate Plaintiff's RFC assessment and to obtain the opinion of a vocational expert.

### IV.    Conclusion:

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, should be remanded to the Commissioner for further consideration

-4-

AO72A
(Rev. 8/82)

pursuant to sentence four of 42 U.S.C. § 405(g).

ORDERED this 29th day of September, 2014.

*/s/ Erin L. Setser*
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)